**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KIM JOHNSON** | **CIVIL ACTION NO.:** |
| **VERSUS** | |
| | **JUDGE:** |
| **RED ROCK RISK RETENTION GROUP, INC., SWIFT TRANSPORTATION CO. ARIZONA, LLC AND KEDUNDRIOUS MOSES** | **MAGISTRATE:** |

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Red Rock Risk Retention Group, Inc. and Swift Transportation Co. of Arizona, LLC (collectively, "Defendants"), who files this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, and hereby remove this matter from the docket of the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, to the docket of this Honorable Court.

I.

On November 16, 2021, Plaintiff, Kim Johnson ("Plaintiff"), filed a personal injury lawsuit against Defendants in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, Docket Number 2021-4828, Division "G," entitled, "*Kim Johnson versus Red Rock Risk Retention Group, Inc., Swift Transportation Co. Arizona, LLC and Kedundrious Moses*." (See Petition for Damages attached hereto as Exhibit "A"). This lawsuit arises from an alleged automobile accident, which Plaintiff alleges occurred on or about November 21, 2020 on Interstate 10 eastbound in Calcasieu Parish, Louisiana. (*Id*. at ¶ 3-5).

1

II.

Service of citation and a copy of the petition were requested on Defendant, Red Rock Risk Retention Group, Inc., via the Louisiana Long-Arm Statute upon information and belief. Notwithstanding sufficiency of service, Red Rock Risk Retention Group, Inc. waives formal service and voluntarily appears herein by way of the instant Notice of Removal.

III.

Service of citation and a copy of the petition were requested on Defendant, Swift Transportation Co. of Arizona, LLC, via the Louisiana Long-Arm Statute on or about December 17, 2021, and Swift Transportation Co. of Arizona, LLC was served via certified mail through its agent for service of process on or about December 27, 2021 (See citation issued to Swift Transportation Co. of Arizona, LLC, certified mail letter, and service of process summary transmittal form, attached, *in globo*, as Exhibit "B.")

IV.

Service of citation and a copy of the petition were requested on defendant, Keundrious Moses, via the Louisiana Long-Arm Statute upon information and belief. Although Keundrious Moses has yet to be properly served with Citation and a copy of Plaintiff's Petition for Damages, he will be represented by undersigned counsel upon proper service. Without waiving the right to proper service of Citation and a copy of Plaintiff's Petition for Damages, Keundrious Moses hereby consents to Defendants' removal of this suit to federal court.

V.

This removal is being timely filed within thirty (30) days of service on Defendant, Swift Transportation Co. of Arizona, LLC, of Plaintiff's Petition setting forth the claim for relief upon which such action is based pursuant to 28 U.S.C. § 1446(b)(2).

**I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

VI.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in all civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(1)-(2).

**A.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

VII.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

VIII.

Here, it was facially apparent from Plaintiff's Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs. Indeed, Plaintiff's Petition specifically states, "Petitioner reasonably believes that the value of her claims exceeds $75,000, exclusive of interest and costs." *(See* Exhibit A, at ¶ 12). Plaintiff alleges that she suffered injuries to her low back, neck, and shoulder and is seeking damages for past, present and future: physical pain and suffering; mental and emotional pain, anguish, and distress; medical expenses; loss of income and impairment of earning capacity; and loss of enjoyment of life. *Id*. at ¶ 10-11.

Accordingly, Defendants show to a degree of legal certainty that the amount in controversy for the claims of the Plaintiff in this matter exceed this Honorable Court's jurisdictional minimum of $75,000.00 for the purposes of diversity jurisdiction pursuant to 28 U.S.C. §1332.

**B.     COMPLETE DIVERSITY EXISTS**

IX.

Defendant, Red Rock Risk Retention Group, Inc., is a foreign corporation organized under the laws of the State of Arizona with its principal place of business in the State of Arizona, and therefore is a citizen of the State of Arizona for purposes of diversity.

X.

Defendant, Swift Transportation Co. of Arizona, LLC, is a foreign limited liability company ("LLC") organized under the laws of the State of Delaware with its principal place of business in the State of Arizona; its sole member is Swift Transportation Co., LLC. Swift Transportation Co., LLC is a foreign LLC organized under the laws of the State of Delaware with

its principal place of business in the State of Arizona. The sole member of Swift Transportation Co., LLC is Knight-Swift Transportation Holdings, Inc., a publicly-traded corporation organized under the laws of the State of Delaware with its principal place of business in the State of Arizona. Accordingly, Swift Transportation Co. of Arizona, LLC is a citizen of the States of Delaware and/or Arizona for purposes of diversity.

XI.

Defendant, Keundrious Moses, is a person of the full age of majority residing in the State of Mississippi and is a citizen of the State of Mississippi for purposes of diversity.

XII.

Based on the allegations in the petition, Plaintiff is a person of the full age of majority domiciled in the Parish of East Baton Rouge, Louisiana, and therefore is a citizen of the State of Louisiana for purposes of diversity. (See Exhibit A, at intro paragraph).

XIII.

There is complete diversity between the Plaintiff and all named defendants. As of the date of this removal, Plaintiff has not named any other parties as defendants.

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

XIV.

Service of citation and a copy of the petition were requested on Defendant, Red Rock Risk Retention Group, Inc., via the Louisiana Long-Arm Statute upon information and belief.

Notwithstanding sufficiency of service, Red Rock Risk Retention Group, Inc. waives formal service and voluntarily appears herein by way of the instant Notice of Removal.

XV.

Service of citation and a copy of the petition were requested on Defendant, Swift Transportation Co. of Arizona, LLC, via the Louisiana Long-Arm Statute on or about December 17, 2021, and Swift Transportation Co. of Arizona, LLC was served via certified mail through its agent for service of process on or about December 27, 2021.

XVI.

Service of citation and a copy of the petition were requested on defendant, Keundrious Moses, via the Louisiana Long-Arm Statute upon information and belief. Although Keundrious Moses has yet to be properly served with Citation and a copy of Plaintiff's Petition for Damages, he will be represented by undersigned counsel upon proper service. Without waiving the right to proper service of Citation and a copy of Plaintiff's Petition for Damages, Keundrious Moses hereby consents to Defendants' removal of this suit to federal court.

XVII.

This removal is being timely filed within thirty (30) days of service on Defendant, Swift Transportation Co. of Arizona, LLC, of Plaintiff's Petition setting forth the claim for relief upon which such action is based pursuant to 28 U.S.C. § 1446(b)(2).

XVIII.

All Defendants consent to the removal of this case.

XIX.

Based upon the foregoing, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441; this is a civil action wherein the Plaintiff's alleged damages exceeds the sum of $75,000.00, exclusive of interest and costs, and the Plaintiff is diverse in citizenship from all defendants.

XX.

In accordance with 28 U.S.C. §1446(d), Defendants will provide appropriate Notice of this Removal to the Plaintiff, and to the Clerk of Court for the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana.

XXI.

No previous application has been made for the relief requested herein.

XXII.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**JURY DEMAND**

XXIII.

Plaintiff did not expressly make a jury demand in her state court petition. (*See generally* Exhibit A). Defendants are entitled to and hereby request a trial by jury on all triable issues herein.

**WHEREFORE**, Defendants, Red Rock Risk Retention Group, Inc. and Swift Transportation Co. of Arizona, LLC, pray that the action entitled, *"Kim Johnson versus Red Rock Risk Retention Group, Inc., Swift Transportation Co. Arizona, LLC and Kedundrious Moses,"* bearing Docket Number 2021-4828, Division "G," and pending in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, be removed from said state court docket to the United States District Court for the Western District of Louisiana.

| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
|---|---|
| I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 6th day of January, 2022, at their last known address of record.<br><br>        */s/ Norman E. Anseman, III*        <br>        **Norman E. Anseman, III** | */s/ Norman E. Anseman, III*        <br>**GUY D. PERRIER, #20323**<br>**NORMAN E. ANSEMAN, III, #24943**<br>**PATRICK R. SCHMIDT, #37861**<br>Perrier & Lacoste, LLC<br>365 Canal Street, Suite 2550<br>New Orleans, Louisiana  70130<br>nanseman@perrierlacoste.com<br>gperrier@perrierlacoste.com<br>pschmidt@perrierlacoste.com<br>Tel: (504) 535-2588<br>Fax: (504) 212-8825<br>**ATTORNEYS FOR DEFENDANTS,**<br>**Red Rock Risk Retention Group, Inc. and Swift Transportation Co. of Arizona, LLC** |